

399

FILED

JUN 30 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Page 2

AO 241
(Rev. 12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | OF DELAWARE |
|---|---|---|

| Name (under which you were convicted):  JOE L. TRAVIS | | Docket or Case No.: |
|---|---|---|

| Place of Confinement :  DEL. CORR. CTR. | Prisoner No.:  271771 |
|---|---|

| Petitioner (include the name under which you were convicted)  JOE LEWIS TRAVIS | Respondent (authorized person having custody of petitioner)  WARDEN PHELPS |
|---|---|
| | v. |

| The Attorney General of the State of    BEAU BIDEN |
|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   The Superior Court
   500 North King Street
   Wilmington, Delaware 19801

   (b) Criminal docket or case number (if you know):    30109075DI

2. (a) Date of the judgment of conviction (if you know):    02/11/92

   (b) Date of sentencing:    07/16/92

3. Length of sentence:          Life Inprisonment

4. In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   As to IN91-09-0956R2 Murder 1st Degrre
        IN91-09-0957 PDWDCF
        IN91-09-0958 Conspiracy 1st Degree
        "Acquitted".

6. (a) What was your plea? (Check one)

   | ☒ (1) | Not guilty | ☐ (3) | Nolo contendere (no contest) |
   |---|---|---|---|
   | ☐ (2) | Guilty | ☐ (4) | Insanity plea |

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:    The Supreme Court

(b) Docket or case number (if you know):    199,1993

(c) Result:    AFFIRMED

(d) Date of result (if you know):    Dec. 22nd, 1993

(e) Citation to the case (if you know):

(f) Grounds raised:

LOst in transition enroute to Virginia Correctionl Ins.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:
                                    N/A

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    The Superior Court

(2) Docket or case number (if you know): 30109075DI

(3) Date of filing (if you know):    11/19/07

(4) Nature of the proceeding:    Post-Conviction

(5) Grounds raised:

1. Newly Recognized Law by the Supreme Court on the illegal murder statute and wrong staturoy language used
2. Dismisal of predicate Felony Deadly Weapon
3. Ineffective Assistance of counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Summarily Dismissed

(8) Date of result (if you know): Nov 7th, 2007

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: Superior Court

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know): 10/08/07

   (4) Nature of the proceeding: Post-Conviction

   (5) Grounds raised:

N/a

N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐   Yes   ☒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:   ☒  Yes   ☐  No

   (2) Second petition:   ☐  Yes   ☐  No

   (3) Third petition:   ☐  Yes   ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

$$N/A$$

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

    Chao v. State, 475,2004

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Newly Recgonized law by the Supreme Court and Del Supreme Court ruling challenging the Delaware Murder statutes of time on his sentence and statutory language used in his indictment.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

No!. Because it was unforeseeable on Counsel part because, he thought it wasn't an appealable issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post-Conviction Relief 61(i)(1)

Name and location of the court where the motion or petition was filed:
The Superior Court of the State Delaware
500 North King Street
Wilmington, Delaware 19801
Docket or case number (if you know):  3010907DI

Date of the court's decision:
                    Feb 4th, 2008
Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
The Supreme Court - 55 The The GReen
Dover, Delaware 19901
Docket or case number (if you know):         127,2008

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

See attached


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

DISMISSAL OF PREDICATE FELONY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitoner contend's that he should have been tried to a lesser included offense since the main felony (predicate) the deadly weapon was dismissed during the course of the... proceeding.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Post-Conviction not direct appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:    Post-Conviction

Type of motion or petition:    Post-Conviction

Name and location of the court where the motion or petition was filed:

The Superior court    Wilmington, Delaware 19801
500 North King Street

Docket or case number (if you know):    30109075DI

Date of the court's decision:    Feb 4th, 2008

Result (attach a copy of the court's opinion or order, if available):
See attached order

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
The Supreme Court          Dover. Del. 19901
55 The Green - P. O. Box 476

Docket or case number (if you know):   127,2008

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective when he allowed the court to con-
tinue to charge him with 1st degree murder when the predicate
felony was dismissed.

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post-Conviction relief

Name and location of the court where the motion or petition was filed:

The Superior Court 500 North King Street, Wilm, Del., 19801

Docket or case number (if you know):

Date of the court's decision: Feb 4th, 2008

Result (attach a copy of the court's opinion or order, if available):

See attached order

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

The Supreme Court 55 the Green P. O. Box 476 Dover, Del. 19901

Docket or case number (if you know):  127, 2008

Date of the court's decision: Affirmed

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

TIMELY FILED APPEAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court failed to docket the timely filed appeal in the
record where they received it, and incorrectly computated
the filing of the time.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion to Show Cause

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

The Supreme Court 55 The GReen P. O. Box 476 Dover, Del. 19901

Docket or case number (if you know):

Date of the court's decision:    Unknown at this time

Result (attach a copy of the court's opinion or order, if available):

unavailable

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Ths United District Court

Docket or case number (if you know):    unknown

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 12/04)

Page 14

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Ms. Sheryl Rush Milstead

(b) At arraignment and plea:

"           "

(c) At trial:

"           "

(d) At sentencing:

"           "

(e) On appeal:

"           "

(f) In any post-conviction proceeding:

Pro' Se Litigant

(g) On appeal from any ruling against you in a post-conviction proceeding:

"           "

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? .        ☐ Yes      ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☒ Yes      ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

     (1) ·     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

# Certificate of Service

I, _____Joe L. Travis_____ ,hereby certify that I have served a true

And correct cop(ies) of the attached:_____Writ of Habeas Corpus_____

_____ upon the following

parties/person (s):

TO: _Department of Justice_

820 North French Street

Carvel State office Bldg

Wilmington, Delaware

19801


TO: _The District Court_

844 King Street

Locke Box 18

Wilmington, Delaware

19801


TO:_____

_____

_____

_____

_____


TO: _____

_____

_____

_____

_____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this__16___ day of __June_____,200 8

_Joe Travis_



U.S.M.S
X-RAY

District Court
844 King Street
Locke Box 18
Wilmington Dela
19801

Joe Travis 271771
Delaware Correctional Center
1181 Paddock Road
Smyrna Delaware 19977

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Joe L. Travis

Defendant Below,
Appellant,

V.

State of Delaware

Plaintiff Below,
Appellee.

No. _____, _____

C - 3 9 9

```
┌─────────────────────────┐
│        F I L E D         │
│                          │
│      JUN 30 2008         │
│                          │
│    U.S. DISTRICT COURT   │
│   DISTRICT OF DELAWARE   │
└─────────────────────────┘
```

## NOTICE OF APPEAL

To:    The Clerk of the Court

**PLEASE TAKE NOTICE** that ____ Joe Lewis Travis ____,

____ Defendant ____, below appellant, does hereby appeal to the Supreme Court

of the State of Delaware, from the order Motion of Post-Conviction Relief

of the Superior Court ____ Court, in and for New Castle ____, County, by

Febryary 4th, 2008 ____, dated __ I. D. 30109075DI __, in Case Number

Superior Court ____ in that court. A copy of the decision sought to be reviewed

is attached hereto.

Form Rev. 4/1/98

The name and address of the attorney below for appellee is

_____ State of Delaware _____. the party against whom the

appeal is taken is ____ THE. Hon Judge Herlihy ____.

The name and address of the attorney below for the party against

whom the appeal is not taken is __ N/A __. The party

against whom the appeal is not taken is _____.

**PLEASE TAKE FURTHER NOTICE** that appellant hereby designates

the transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following

manner:

____ Unable to provides copies of transcript in pursraunt ____

[or] ___ the Supreme Court Rule 9(e). ___

Dated: 2./7 08 _____          _____

_____

Attorney for _Joe Travis_

_____ Below-Appellant

Joe Travis

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOE L. TRAVIS                    )
   DEFENDANT/BELOW               )
      APPELLANT,                )
                    )        NO. 127,2008
                    )
                    )
   -v-                           )
                    )
                    )
STATE OF DELAWARE                )
   PLAINTIFF/BELOW               )
      APPELLEE'S,                )
                    )

## NOTICE OF MOTION

TO: THE CLERK OF THE COURT
    THE SUPREME COURT
    55 THE GREEN - P. O. BOX 476
    DOVER, DELAWARE 19901

    Please Take Notice that this Motion  will be presented to this
Honorable Court at it's earliest possible convience or the next...
scheudled Motion day in the Court.

                                RESPECTFULLY SUBMITTED;

DATED: 3.12.08

                                _Joe Travis_
                                JOE L. TRAVIS
                                DEL. CORR. CTR.
                                1181 PADDOCK ROAD
                                S-1-BLDG D-TIER D-20
                                SMYRNA, DELAWARE 19977

# Certificate of Service

I, _Joe L. Travis_____,hereby certify that I have served a true

And correct cop(ies) of the attached:_Motion to Show Cause_____

_____ upon the following

parties/person (s):

TO: _The clerk of the Court___          TO: _Department of Justice___

___The Supreme Court_____              ___820 North French Street__

___55 The Green_____              ___Carvel State off. Bldg___

___P. O. box 476_____              ___Wilmington, Delaware_____

___Dover, Delaware 19901_____              _____19801_____


TO:_____          TO: _____

_____              _____

_____              _____

_____              _____

_____              _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this__ 12 __day of __Feb_____,200 8

Joe Travis

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOE L. TRAVIS                    )
    DEFENDANT/BELOW              )
        APPELLANT,               )
                                 )        No. 127,2008
                                 )
                                 )
    -v-                          )
                                 )
                                 )
                                 )
STATE OF DELAWARE                )
    PLAINTIFF/BELOW              )
        APPELLEE'S,              )
                                 )

## APPELLANT'S MOTION TO SHOW CAUSE


        Comes Now The Appellant Joe L. Travis Pro' Se Litigant who...
humbly and respectfully moves this Court on a Motion to Show Cause
as directed by this Court pursuant to the Supreme Court Rule 6 in
good faith and in the interest of Justice. In support of the Motion
the following are asserted therein:

1. The Appellant filed his Noticed of Appeal from the Superior
   Court stemming from a ruel 61 Motion on the Vickey Choas...
   ruling on the statutory murder statute;

2. The Appellant assert's that he filed he notice of appeal
   on/or about the twenty-fifth day (25) because he was a-
   waitng for copies of transcript of record;

3. The Appellant realize that because of the latness in re-
   ceiving the transcipt of record to forward to this Sup-
   reme Court he filed his notice of Appeal;

4. The Appellant assert's that he is allowed three (3) mailing
   day's by the Court, and the very fact the holiday fell in
   the midst of his filing, this Court did Not consider the
   external fatcor's affecting his filing;

5. The Appellant assert's that the institution---has implement-
   ed a new policy concerning getting copies for the Court ...
   whereas, the inmate can no longer bring his copy to the...

(2).

    law library to get photo copied unless his has an sched-
    ule appointment inwhich he has to use the institutional
    mailing system;

6. The Appellant assert's that because of these new proced-
    ure's, this has hamper his appeal reaching the Court in
    a timely manner; and although this was an hinderance,
    and this Court allows the additional three (3) day mail
    ing time under the Supreme Court Rule 11(c).

    WHEREFORE: The Appellant hopefully and respectfully pray's ...
that in this Motion to Show caused those external factor he has bou-
ght forth to this Court are the exigent factor that is beyond his...
his control and should not be penalize for these external factor's
in the interest of justice without prejudice.

                              Respectfully Submitted;

                              Joel L. Travis
                              Del. Corr. Ctr.
                              1181 Paddock Road
                              S-1-Bldg D-Tier D-20
                              Smyrna, Delaware 19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOE L. TRAVIS             )
    DEFENDANT/BELOW       )
    APPELLANT,            )
                          )    NO. 127,2008
                          )
    -v-                   )
                          )
                          )
                          )
STATE OF DELAWARE         )
    PLAINTIFF/BELOW       )
    APPELLEE'S,           )
                          )

## O R D E R

AND NOW TO WIT: having read and considered the foregoing Motion to Show in pursuant to Rule 6 on this _____ day in the month of____ _____ 2008: IT IS HEREBY ORDERED: granted/denied: _____

_____

_____ .

J U D G E

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOE L. TRAVIS,                          §        **E-FILED**
                                        §
    Defendant Below,            §        No. 127, 2008
    Appellant,                  §
                                        §        **NOTICE TO SHOW CAUSE**
    v.                          §
                                        §
STATE OF DELAWARE,                      §
                                        §
    Plaintiff Below,            §
    Appellee.

To:   Mr. Joe L. Travis
      SBI # 271771
      Delaware Correctional Center
      1181 Paddock Road
      Smyrna, Delaware  19977

      You are directed to show cause why this appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for your failure to file your notice of appeal within 30 days after entry upon the docket of the Memorandum Opinion dated February 4, 2008, from which the appeal is taken, as required by Supreme Court Rule 6.

      Please respond in writing to this notice to show cause within 10 days after you receive it.  If you do not respond, the dismissal shall be deemed to be unopposed.

Date:  March 10, 2008

                      Audrey F. Bacino
                      Assistant Clerk of the Supreme Court

cc:   Paul R. Wallace, Esquire



CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

November 7, 2007

The Honorable Jerome O. Herlihy
Superior Court Judges' Chambers
New Castle County Courthouse
500 N. King Street, Suite #10400
Wilmington, Delaware 19801

>           RE:    STATE OF DELAWARE V. JOE TRAVIS
>                  I.D. NO. 30109075DI

Dear Judge Herlihy:

As the Court is no doubt aware, there have been numerous *pro se* post-conviction filings since the announcement of the Supreme Court's recent decision in *Chao v. State*, 931 A.2d 1000 (Del. 2007). The Department of Justice is endeavoring to sort out those cases which are truly affected by *Chao* from those in which *Chao* is wholly inapplicable. This is one of those latter cases. Please accept this letter in lieu of a more formal filing as a State's response pursuant to Rule 61(f) urging summary dismissal of the petition pursuant to Rule 61(d)(4).

It is clear from the face of the "motion for post-conviction relief and the record of prior proceedings in the case that [Travis] is not entitled to relief." SUPER. CT. CRIM. R. 61(d)(4). First, the inmate was indicted for and convicted of Murder in the First Degree under 11 *Del. C.* §636(a)(1) ("A person is guilty of murder in the first degree when…[t]he person intentionally causes the death of another person.") See Exhibit No. 1, Defendant's Appendix to Rule 61 Petition. *Chao* and its progeny only serve to interpret the phrase "in furtherance of" as it previously appeared in DEL. CODE ANN. TIT. 11, §636(a)(2), Delaware's felony murder statute. *See Williams v. State*, 818 A.2d 906 (Del. 2003); *State v. Kirk*, 2004 WL 396 407 (Del. Super.) (attached). As Travis was convicted of intentional murder, and not felony murder, *Chao* is inapplicable to his case. *Baker v. State*, 2006 WL 346 1436 (Del. Supr.) (attached).

As to Travis' second claim, the weapon and conspiracy charges were not in any way "predicate" offenses that implicated the validity of his murder conviction. Intentional murder is not a compound crime predicated upon some other offense. *Compare Preist v. State*, 879 A.2d 575 (Del. 2005) (acquittal of substantive felony that

November 7, 2007
Page 2

was "element" of the possession of a weapon during the commission of a felony invalidated weapons conviction). Thus, Travis' second claim is also without merit.

Wherefore, the State respectfully suggests that Travis' petition should be summarily dismissed. SUPER. CT. CRIM. R. 61(d)(4).

Thank you for the Court's consideration of the State's position in this matter.

Respectfully submitted,

Paul R. Wallace
Chief Prosecutor, New Castle County

PRW/anm
Enclosure
Xc:    Joe Travis, pro se
       Criminal Prothonotary

U S - 3 9 9

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

**STATE OF DELAWARE**  )
)  CRIMINAL  ACTION  NUMBERS
v.  )
)  IN-91-09-0956-R3
**JOE L. TRAVIS**  )
)
Defendant  )  ID NO. 30109075DI

*Submitted: November 9, 2007*
*Decided: February 4, 2008*

*MEMORANDUM OPINION*

*Upon Motion of the Defendant*
*for Post-Conviction Relief -* ***DENIED***



F I L E D

JUN 3 0 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

HERLIHY, Judge

Defendant Joe Lewis Travis has filed his second motion for postconviction relief. The issue he now raises was not in his first motion.

Travis was convicted on February 11, 1992 of the intentional murder of Steven Shumate. The evidence at trial indicated his culpability was of an accomplice to his co-defendant, Lester Anderson.[1] Travis' conviction was affirmed on appeal.[2] In this motion, he claims his murder conviction and life sentence should be vacated. His claim is based on the State's failure to designate in the indictment a particular subsection of the first degree murder statute.[3] This, Travis contends, meant that he was charged with and convicted of felony murder. He asserts the predicate felony for felony/murder was the separate charge of possession of a deadly weapon during the commission of a felony (PDWDCF).

During the trial, the Court dismissed the PDWDCF charge. This act, Travis contends, meant the predicate felony for felony murder should have led to the dismissal of the murder charge itself. Alternatively, he also argues that the dismissal of the PDWDCF charge could have meant that the jury should have been given the option to convict him of lesser charges. In addition, he makes a claim of ineffective assistance of

---

[1] *State v. Travis*, Cr.A. No. IN91-09-0956, Herlihy, J., (Del. Super. 1992).

[2] *Travis v. State*, Del. Supr., No. 199, 1993, Moore, J. (December 22, 1993)(ORDER).

[3] 11 *Del. C.* § 636.

1

counsel for not objecting to the submission of the first degree murder charge to the jury after the PDWDCF charge was dismissed. The Court finds no merit in any of these arguments. Travis' second motion for post-conviction relief is **DENIED**.

### *Discussion*

### A

Prior to undertaking consideration of Travis' motion, the Court must first determine if there are any procedural bars to doing so.[4] There are potentially two. The first is that this motion time barred.[5] The mandate affirming Travis' conviction was issued in 1994. This motion was filed on October 23, 2007. Ordinarily that thirteen year gap would mean this Court need go no further. But there is a means of relief to that time bar:

> (i) *Bars to relief.* (1) Time limitation. A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[6]

But before determining if that means of relief is available to Travis, the Court must examine the other potential bar to consideration of his second motion, namely that this motion is repetitive and the earlier motion did not raise the issue he now raises:

---

[4] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996).

[5] Superior Court Criminal Rule 61(i)(1) whether the former bar of three years or the one year bar promulgated in 2005 is used; *Jackson v. State*, 654 A.2d 829 (Del. 1995).

[6] Super. Ct. Crim. R. 61(i)(1).

2

(i) *Bars to relief.* (2) Repetitive motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.[7]

The relief to these two procedural bars are interrelated for purposes of this motion and analysis. To understand why, the Court must provide context. Travis' current argument derives from the Delaware Supreme Court's opinion in *Williams v. State*.[8] In that case the Supreme Court reversed its prior interpretation of the phrase "in furtherance of" found in the felony murder subsection of the first degree murder statute which read:

(a) A person is guilty of murder in the first degree when:

(2) In the course of an in the furtherance of the commission or attempted commission of a felony…, the person recklessly causes the death of another person.[9]

That subsection of the first degree statute was amended after and as a result of *Williams*. But the statute quoted above was as it appeared when the murder in this case occurred. And the interpretation which *Williams* reversed was the operative interpretation when this murder occurred.

*Williams* was decided in 2003 and, again, a post-conviction relief motion filed in 2007 would be barred. But, in 2007 in *Chao v. State*[10] the Supreme Court held that

---

[7] Super. Ct. Crim. R. 61(i)(2).

[8] 818 A.2d 906 (Del. 2003).

[9] 11 *Del. C.* § 636(a)(2).

[10] 931 A.2d 1000 (Del. 2007).

*Williams'* re-interpretation should be retroactively applied.[11]  Clearly, therefore, when it

was held in 2007 that a right to retroactive interpretation would be recognized, Travis'

motion filed in the same year is not time barred.

This sequence also demonstrates why consideration of Travis' current motion is

warranted under the relief provision of "interest of justice" found in Rule 61(i)(2).  When

in *Chao* the Supreme Court determined that its 2003 *Williams* decision was to be applied

retroactively, it employed the same "interest of justice" standard, though found in a

different rule:

> (4) Former adjudication.   Any ground for relief that was formerly
> adjudicated, whether in the proceedings leading to the judgment of
> conviction, in an appeal, in a postconviction proceeding, or in a federal
> habeas corpus proceeding, is thereafter barred, unless reconsideration of the
> claim is warranted in the interest of justice.[12]

Rule 61(i)(2) and (i)(4) are two different bars to postconviction relief.  But the basis

for relief from these bars is the same.  In 1994, on direct appeal, there was no way for

Travis to know of the 2003 *Williams* re-interpretation nor in 1997-98 when he filed his first

postconviction relief motion.

In sum, there are no procedural bars to consideration of Travis' second motion for

postconviction relief.

---

[11] *Id.*

[12] Super. Ct. Crim. R. 61(i)(4).

4

## *B*

In order to accomplish consideration of Travis' current motion, some context is needed. Travis was, along with co-defendant Anderson, originally charged as follows:

### Count I. A Felony

MURDER IN THE FIRST DEGREE in violation of Title 11, Section 636 of the Delaware Code of 1974, as amended.

LESTER ANDERSON AND JOE LEWIS TRAVIS, on or about the 24th day of August, 1991, in the County of New Castle, State of Delaware, did intentionally cause the death of Steven Shumate by beating him about the head and body.

### COUNT II. A FELONY

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

LESTER ANDERSON AND JOE LEWIS TRAVIS, on or about the 24th day of August, 1991, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a bat, a deadly weapon, during the commission of Murder, as set forth in Count I of this indictment, which is incorporated herein by reference.

### COUNT III. A FELONY

CONSPIRACY FIRST DEGREE in violation of Title 11, Section 513 of the Delaware Code of 1974, as amended.

LESTER ANDERSON AND JOE LEWIS TRAVIS, on or about the 24th day of August, 1991, in the County of New Castle, State of Delaware, when intending to promote the commission of a class A felony, Murder First Degree, in violation of 11 Del. C. Section 636, did agree with each other

5

that they would engage in conduct constituting said felony and did commit an overt act in pursuance of said conspiracy by beating Steven Shumate.[13]

At trial, this Court, over the State's objection, dismissed Count II, the PDWDCF charge holding that a baseball bat was not a deadly weapon. The case was submitted to the jury on the murder and conspiracy counts. Travis and Anderson were found not guilty of the conspiracy charge, but they were found guilty of intentional murder. The State separately appealed the dismissal of the PDWDCF charge. This Court's decision was reversed and remanded to reinstate Count II.[14] Ultimately, the State entered a nolle prosequi on that charge.[15]

Travis' argument, however, is premised on this Court's dismissal of the PDWDCF charge prior to the case going to the jury. The reinstatement later of Count II does not change the basic issue his motion raises.

That issue, nevertheless, lacks merit. Travis was not convicted of felony murder. He was convicted of intentional murder. There was no felony "imbedded" in the murder charge. *Williams* and *Chao* have no application to this case.

He further argues that the murder charge is defective in any event. The basis for that is that the indictment does not specify the particular subsection of § 636 he violated.

---

[13] Indictment dated September 30, 1991.

[14] *State v. Travis*, Del. Supr., No. 97, 1992, Walsh, J. (October 7, 1992)(ORDER).

[15] Docket #38. June 4, 1993.

6

He is correct, it does not. But a comparison of Count I and the appropriate subsection in

§ 636 reveals this contention too lacks merit:

>    (a) A person is guilty of murder in the first degree when:
>        (1) The person intentionally causes the death of another person.[16]
>                          * * * * *
>                     COUNT I.  A Felony
>
>    MURDER IN THE FIRST DEGREE in violation of Title 11, Section 636
>    of the Delaware Code of 1974, as amended.
>
>    LESTER ANDERSON AND JOE LEWIS TRAVIS, on or about the 24th
>    day of August, 1991, in the County of New Castle, State of Delaware, did
>    intentionally cause the death of Steven Shumate by beating him about the
>    head and body.[17]

The language in Count I clearly indicates that Travis was indicted under § 636(a)(1).

The Court has considered this claim only because of its interrelationship to the underlying

*Williams/Chao* claims.

Also tied into that underlying claim are two others. The first is that the Count II's

dismissal meant he should have been tried on a lesser included offense. Unrelated to the

dismissal, the jury was given the option of finding him guilty of second degree murder or

manslaughter. This option was given because of the evidence at trial relating to the

circumstances of the killing, not because Count II was dismissed. Nevertheless, the jury's

rejection of both of those lesser includeds makes this argument moot. This is aside from

the fact that it lacks merit in its own right.

---

[16] 11 *Del. C.* § 636(a)(1).

[17] Indictment dated September 30, 1991.

7

Travis' final ground for postconviction relief is that his trial counsel was ineffective for not objecting to the Court's instructions regarding the first degree murder charge. At first blush, this ground would confront several procedural bars: timeliness, failure to raise, etc. But, it too is tied to his *Williams/Chao* claim: the conviction of first degree murder should be vacated due to those decisions.

When making a claim of ineffective assistance of counsel, Travis must show (1) counsel's representation fell below an objective standard of reasonableness, and that (2) but for counsel's errors, there is a reasonable probability the outcome of the proceedings would have been different.[18] Travis must make concrete allegations of ineffectiveness and substantiate those allegations or risk summary dismissal.[19]

This ground for postconviction relief must also fail. It is premised, as noted, on the *Williams/Chao* ground which is without merit. That means had trial counsel raised the objection Travis now says she should have, it would have been overruled. It would have been overruled because *Williams/Chao* was not the law in 1992 and Travis was not charged with or convicted of felony murder. There was not then and there is not now a basis for this objection. Consequently, there could not have been nor could there now be a basis for counsel error. Failure to satisfy the first prong, that there was counsel error, means counsel was not ineffective.[20]

---

[18] *Strone v. State*, 690 A.2d 924, 925 (Del. 1996).

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[20] *Righter v. State*, 704 A.2d 262 (Del. 1997); *cert. denied* 523 U.S. 1126, 118 S. Ct. 1814, 140 L.Ed.2d 951 (1998).

8

## *Conclusion*

For the reasons stated herein, defendant Joe Lewis Travis' motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED**.

<br>

J.

# Certificate of Service

I, __Joe L. Travis__ ,hereby certify that I have served a true

And correct cop(ies) of the attached: __Notice of Appeal__

_____ upon the following

parties/person (s):

TO: __The Clerk of the Ct.__          TO: __Department of Justice__

__The Supreme Court__                      __820 North French Street__

__55 The Green - P. O. Box 476__       __Carvel State office Bldg.__

__Dover, Delaware__                         __Wilmington, Delaware__

__19901__                                        __19801__


TO:_____          TO:_____

_____          _____

_____          _____

_____          _____

_____          _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this___ __07__ ___day of ___ __FEB__ ___,200__

                                    Joe Travis

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOE LEWIS TRAVIS,                           §
                                            §    No. 199, 1993
    Defendant Below,                    §
    Appellant,                          §    Court Below -- Superior Court
                                            §    of the State of Delaware
    v.                                  §    in and for New Castle County
                                            §    Cr.A. No. IN91-09-0956
STATE OF DELAWARE,                          §
                                            §
    Plaintiff Below,                    §
    Appellee.                           §

Submitted: December 16, 1993
Decided:   December 22, 1993

Before MOORE, WALSH, and HOLLAND, Justices.

## O R D E R

This 22nd day of December, 1993, it appears to the Court that:

1)    Joe Lewis Travis ("Travis") appeals his conviction in the Superior Court for first degree murder. Travis argues that the trial court abused its discretion in answering a jury's note regarding accomplice liability. Since Travis has failed to show plain error, we affirm the ruling of the trial court.

2)    In the early morning hours of August 24, 1991, Steven Shumate ("Shumate") was killed in the 2200 block of Market Street in Wilmington. According to witnesses, Shumate, while highly intoxicated, tried unsuccessfully to



strike up a conversation with a group of young women sitting along the street. While doing so, Shumate became involved in an argument with Travis. Tempers flared and Shumate pulled out what appeared to be a handgun, which he pointed at Travis and fired twice.

3)    After Shumate fired at Travis, someone shouted that the gun was "fake," "not real," a "cap gun," or words to that effect. Shumate then turned and ran down the street. Travis and co-defendant, Lester Anderson ("Anderson"), pursued the fleeing Shumate. As he ran, Shumate either fell or was tripped by Travis. While Shumate lay on the ground, Travis kicked him while Anderson beat him repeatedly on the head with the baseball bat. Anderson and Travis fled, also taking Shumate's pistol, which was never recovered.

4)    Shumate died of massive head injuries as a result of the beating. Following an investigation the police arrested Anderson and Travis, charging them with first degree murder. Both Anderson and Travis were tried together. However, the evidence at trial suggested that it was Anderson, rather than Travis, who delivered the fatal blows to Shumate's head.

5)    At the conclusion of testimony, the trial court instructed the jury on the charges of Murder First Degree, Murder Second Degree, and Manslaughter. In addition, with respect to Travis, the jury was instructed on the elements of

-2-

accomplice liability under 11 *Del. C.* § 271(2)(b).  Specifically, the trial court
instructed the jury as follows:

> You may find the Defendant Joe Lewis Travis guilty of
> [Murder in the First Degree] or of the lesser-included offenses in this
> case only if you're satisfied beyond a reasonable doubt that:
>
> One, Defendant Lester Anderson performed all of the elements
> of any of the offenses as I have defined them for you; and
>
> Two, Defendant Joe Lewis Travis intended, that is, it was his
> conscious object or purpose, to promote or facilitate the commission
> of the offense; and
>
> Three, Defendant, Joe Lewis Travis aided, counseled, agreed,
> or attempted to aid Defendant Lester Anderson in committing the
> offense.

6)    After approximately four to five hours of deliberation, the jury sent
out a note requesting clarification on the issue of accomplice liability.
Specifically, the note posed two questions:  (1) "Can a defendant be found guilty
as an accomplice to a lesser included offense than that of the principal defendant
[sic] was found guilty?" and (2) "Does being an accomplice require the Defendant
to have concious [sic] intent to commit the crime committed by the principal?"  At
trial, defense counsel argued that the first question should be answered in the
negative and had no comment on the second one.  The trial court disagreed.
Specifically, it determined that the accomplice liability instructions did not address
the jury's present concerns and that 11 *Del. C.* § 274 compelled an affirmative

answer to both questions. The trial court then answered both questions, "[y]es, but you must consult instructions I have given you."

7) On appeal, Travis now argues that although the trial court's affirmative answer to the first question was correct, the trial court should have answered the second question in the negative. As prejudice, Travis claims that the trial court's incorrect affirmative answer to the second question prevented the jury from considering his guilt of lesser included offenses, which counsel at trial had argued the jury should not be permitted to consider.

8) Because Travis has not fairly presented this issue to the trial court, the standard of review is one of plain error. SUPR. CT. R. 8. For an error to be plain, it must affect substantial rights of Travis. D.R.E. 103; *Wainwright v. State*, Del. Supr., 504 A.2d 1096, 1100 (1986).

9) In this case, the trial court's response to the jury's written questions did not affect the substantial rights of Travis. As Travis now concedes, the trial court's affirmative answer to the first question was correct. Under Delaware law, an accomplice may be found guilty of a lesser offense than that of the principal. *See* 11 *Del. C.* §§ 271(1), 274. Further, although the trial court's answer to the second question is incorrect under Delaware law, it caused Travis no prejudice. Indeed the trial court's statement of the law worked to Travis' advantage. Under

-4-

11 *Del. C.* § 271, the inquiry is not whether an accomplice had the specific intent to commit murder. Rather, a defendant is guilty as an accomplice if he or she intended to promote or facilitate the principal's conduct constituting the offense, and the result was foreseeable. *Hooks v. State*, Del. Supr., 416 A.2d 189, 197 (1980). In the present case, if Travis intended to aid Anderson, and the result -- murder -- was a foreseeable consequence of his aiding Anderson's conduct, Travis is guilty of murder as an accomplice, regardless of whether Travis also specifically intended to kill Shumate. By answering the jury's second question in the affirmative, the trial court instructed the jury that to find both Travis and Anderson guilty of First Degree Murder, they had to find that they both had the specific intent to kill Shumate. This erroneous instruction actually placed a higher burden on the State than it had under 11 *Del. C.* § 271. Thus, since the trial court's incorrect instruction actually aided, rather than prejudiced, Travis, there is no plain error.

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

_O. B. J. Moore II_
Justice

-5-

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    1
                        ( as of  11/17/1997 )
```

State of Delaware v.  JOE L TRAVIS                        DOB 01/21/1972
State's Atty: SUSAN B PURCELL , Esq.          AKA:
Defense Atty: SHERYL RUSH-MILSTEAD , Esq.


Co-Defendants:  LESTER ANDERSON

Assigned Judge: BABIARZ JOHN E. JR.

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 30109075DI | IN91090956R2 | MURDER 1ST | PG | 02/11/1992 |
| 002 | 30109075DI | IN91090957 | PDWDCF | NOLP | 06/04/1993 |
| 003 | 30109075DI | IN91090958 | CONSP 1ST | TNG | 02/11/1992 |

```
      Event
No.   Date           Event                        Judge
      08/30/1991
      WARRANT AND COMMITMENT
      90          000 (0956)
      90 20000.00 100 (0957-0958)
      09/10/1991
      PRELIMINARY HEARING HELD
      09/24/1991
      ACKNOWLEDGMENT SIGNED BY COUNSEL
      SHERYL RUSH-MILSTEAD,ESQ.
1     09/30/1991
      TRUE BILL
2     09/30/1991
      MEMORANDUM
      TO PRESIDENT JUDGE RIDGELY. THE
      FOLLOWING CASE REQUIRES SPECIAL
      ASSIGNMENT TO A JUDGE (MURDER 1ST
      DEGREE.)
      10/03/1991
      NOTICE OF SERVICE - DISCOVERY REQUEST
      10/09/1991
      ARRAIGNMENT-PASSED
3     10/16/1991                                  RIDGELY HENRY DUPONT
      MEMORANDUM
      FROM PRESIDENT JUDGE RIDGELY TO
      JUDGE BABIARZ. THIS MATTER INVOL-
      VING TWO CODEFTS. AND CHARGES OF
      MURDER IN THE FIRST DEGREE IS
      HEREBY SPECIALLY ASSIGNED TO YOU
      FOR ALL PURPOSES UNTIL FINAL DIS-
      POSITION.
      10/16/1991
      ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
4     10/28/1991                                  BABIARZ JOHN E. JR.
      OFFICE CONFERENCE
      RE: SCHEDULING. NON-CAPITAL
      MURDER 1ST. TRIAL DATE-020392.
      ALL DISCOVERY-112591. MOTIONS-
      120991. OFFICE CONFERENCE-121291
      AT 9:15. JUDGE HAS FILE. (RUSH-
```

CERTIFIED AS A TRUE COPY
ATTEST
PROTHONOTARY
BY

B-1

```
       MILSTEAD,FIGLIOLA,ESQS.)
5      10/30/1991                                  BABIARZ JOHN E. JR.
       LETTER
       TO COUNSEL. THIS WILL CONFIRM OUR
       OFFICE CONFERENCE OF 102891. DIS-
       COVERY IS TO BE COMPLETED NO
       LATER THAN 112591. PRETRIAL
       MOTIONS ARE TO BE FILED NO LATER
       THAN 120991. TRIAL WILL COMMENCE
       ON MONDAY 020392. THE COURT WILL
       CONFER WITH COUNSEL REGARDING THE
       STATUS OF THE CASE AND ANY PEND-
       ING MOTIONS ON 121291 AT 9:15. IT
       IS MY UNDERSTANDING THAT THIS IS
       A NONCAPITAL CASE.
6      11/13/1991
       MOTION
       TO SET BAIL - REFERRED TO
       J.BABIARZ.
7      11/27/1991                                  BABIARZ JOHN E. JR.
       BAIL HEARING AND COMMITMENT
       77 00100000 100
8      12/12/1991                                  BABIARZ JOHN E. JR.
       OFFICE CONFERENCE
       RE:STATUS AND ANY PENDING MOTIONS
       OFF. (FIGLIOLA,ESQ.)
9      12/17/1991                                  BABIARZ JOHN E. JR.
       ORDER
       AUTHORIZING PAYMENT TO SECURITY
       SERVICES INTERNATIONAL, INC.
       PRIVATE INVESTIGATIVE SERVICE,
       P.O. BOX 130, MARYDEL, DE. 19964.
       FOR THE SUM OF $1000.
10     01/14/1992                                  BABIARZ JOHN E. JR.
       OFFICE CONFERENCE
       RE:STATUS AND PENDING MOTIONS.
       NON-CAPITAL MURDER 1ST. TRIAL
       DATE 020392 FOR 2 WEEKS. (RUSH-
       MILSTEAD,ESQ.)
       01/15/1992
       NOTICE OF SERVICE - DISCOVERY RESPONSE
       02/03/1992                                  BABIARZ JOHN E. JR.
       CRIMINAL TRIAL CALENDAR - TRIAL
11     02/03/1992                                  HERLIHY,JEROME O.
       OFFICE CONFERENCE
       RE:STATUS. GOING TO TRIAL TODAY
       TILL NEXT TUESDAY WILL NOT GO
       FRIDAY. PICK AS SOON AS POSSIBLE.
       D/MILSTEAD.
       02/11/1992                                  BABIARZ JOHN E. JR.
       PRESENTENCE INVESTIGATION ORDERED
12     02/11/1992                                  HERLIHY,JEROME O.
       JURY TRIAL
       (BEGAN 020392) CTS. TO BE NOLPD
       BY THE STATE 0960,0957. DEFT'S.
       JOINT MOTION FOR JDGMNT OF
       ACQUITTAL AS TO CONSPIRACY 1ST.,
       DENIED. DEFT'S. TRAVIS MOTION FOR
       JDGMNT. OF ACQUITTAL AS TO THE
```

B-2

```
              MURDER 1ST, DENIED. JURY FOUND
              DEFT. GUILTY OF MURDER 1ST;0956
              AS AN ACCOMPLICE AND NOT GUILTY
              OF CONSP. 1ST;0958. PSIORD. BAIL
              REVOKED AND SENTENCING TO TAKE
              PLACE ON 042492. S/PURCELL D/
              MILSTEAD CR/WHITE,CAHILL CC/
              ROGERS. J/K. MCCULLEY, R. AMBROSE
              B. CROUSE, J. POLLOCK, T. SPARKS,
              J. BIHL, R. MOORE, T. WHETHAN, J.
              CAPRIOTTI, A. RUSSELL, T.WILLIAMS
              H. TURNER.
13    02/13/1992
              MOTION FOR JUDGMENT OF ACQUITAL
              REFERRED TO J.HERLIHY
14    02/14/1992
              MEMORANDUM
              TO GANDER HILL ADVISING THEM OF
              CHARGE DEFT. FOUND NOT GUILTY.
15    02/24/1992                                    HERLIHY,JEROME O.
              TRANSCRIPT OF OFFICE CONFERENCE
              FEBRUARY 3, 1992
16    03/06/1992
              NOTICE OF APPEAL
              97,1992                    KLT
17    03/17/1992                                    HERLIHY,JEROME O.
              TRANSCRIPT OF OFFICE CONFERENCE
              FEBURARY 2, 1992           KLT
18    04/03/1992
              STATE'S RESPONSE
              TO DEFT. LEWIS' MOTION FOR JUDG-
              MENT OF ACQUITTAL. THE STATE IS
              OPPOSED TO THE RELIEF REQUESTED
              BY THE DEFT'S. MOTION FOR THE
              REASONS OUTLINED BELOW.     LGC
19    04/09/1992
              RECEIPT RECORDS ACKNOWLEDGED BY
              SUPREME COURT.             LGC
      04/24/1992                                    HERLIHY,JEROME O.
              SENTENCING CONTINUED
                                         KLT
20    06/09/1992                                    HERLIHY,JEROME O.
              MEMORANDUM
              (OPINION) DEFT'S MTN. FOR JDGMNT.
              OF ACQUITTAL IS DENIED.     LAK
      06/26/1992                                    HERLIHY,JEROME O.
              SENTENCING CALENDAR - SENTENCING RESCHEDULED
              TO 071092                  KDP
      07/07/1992                                    HERLIHY,JEROME O.
              SENTENCING CALENDAR - DEFENDANT SENTENCED
                                        KLT
      07/10/1992                                    HERLIHY,JEROME O.
              SENTENCING CALENDAR - DEFENDANT SENTENCED
                                        KDP
21    07/10/1992                                    HERLIHY,JEROME O.
              SENTENCE
              AS TO IN91090956 , THE DEFENDANT
              IS ADJUDGED GUILTY OF THE OFFENSE
              CHARGED.
```

B-3

```
                 THE DEFENDANT IS TO PAY COSTS OF
                 PROSECUTION. COSTS ARE HEREBY
                 SUSPENDED.
                 EFFECTIVE AUGUST 30, 1991 THE
                 DEFENDANT IS PLACED IN THE
                 CUSTODY OF THE DEPARTMENT OF
                 CORRECTION
                 FOR LIFE. PURSUANT TO 11 DEL. C.
                 4209.IF THE DEFENDANT IS
                 PRESENTLY SERVING ANOTHER SENT-
                 ENCE, THAT SENTENCE SHALL BE
                 SUSPENDED UNTIL COMPLETION OF
                 THIS SENTENCE.
                 D/RUSH-MILSTEAD
                 S/PURCELL SUSAN BAIR
                 CR/MORGANO
                 CC/DAWN WILSON
```

| 22 | 07/27/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

ORDER OF JUDGMENT

| 23 | 08/18/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF TRIAL
FEBRUARY 10, 1992

| 24 | 08/18/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF OFFICE CONFERENCE
FEBRUARY 10, 1992

| 25 | 08/18/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT
PRAYER CONFERENCE FEBRUARY 10,
1992

| 26 | 08/18/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT
NOTE FROM JURY AND VERDICT
FEBRUARY 11, 1992

| 27 | 09/15/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF TRIAL
FEBRUARY 3, 1992                HW

| 28 | 09/15/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF TRIAL
FEBRUARY 4, 1992                HW

| 29 | 10/01/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF TRIAL
FEBRUARY 5, 1992                HW

| 30 | 10/01/1992 | HERLIHY,JEROME O. |
|----|------------|-------------------|

TRANSCRIPT OF TRIAL
FEBRUARY 6, 1992                HW

| | 10/30/1992 | HERLIHY,JEROME O. |
|--|------------|-------------------|

ORDER
PURSUANT TO THE SUPREME COURT
DECISION IN STATE V. ANDERSON AND
TRAVIS, DEL.SUPR.,#97,1992, WALSH
J. (OCTOBER 7, 1992) (ORDER), THE
INDICTMENT IS HEREBY REINSTATED.
TRIAL IS SCHED.FOR 041293.    KDP

| 31 | 01/08/1993 | WALSH JOSEPH T. |
|----|------------|-----------------|

ORDER
(NO. 97,1992) JUDGEMENT OF THE
SUPERIOR COURT IS REVERSED AND
THE DEADLY WEAPON CHARGE REMANDED
TO THE SUPERIOR COURT FOR REIN-

R-4

```
         STATEMENT OF COUNT II OF THE
         INDICTMENT.                    TMW
32    04/21/1993                                        HERLIHY,JEROME O.
         MOTION FOR POST-CONVICTION RELIEF
         FILED BY SHERYL RUSH-MILSTEAD,
         ESQUIRE.                       WJS
33    04/21/1993                                        HERLIHY,JEROME O.
         MEMORANDUM OF LAW
         IN SUPPORT OF RULE 61 (# 030) WJS
34    04/21/1993                                        HERLIHY,JEROME O.
         MEMORANDUM OF LAW
         APPENDIX TO # 031              WJS
35    04/21/1993
         MOTION
         FOR ORDER PERMITTING ATTY.TO
         REMAIN IN CASE - SHERYL MILSTEAD
         REFERRED TO J.HERLIHY.         KLT
36    05/10/1993                                        HERLIHY,JEROME O.
         LETTER
         ASKING WHY APPEAL OF CONVICTION
         WAS FILED IN A TIMELY MANNER. DCB
37    05/13/1993                                        HERLIHY,JEROME O.
         LETTER
         COURT WILL ENTERTAIN DEFT'S
         CONTENTIONS RAISED IN THE
         SUBSTANCE OF HIS MTN FOR POST-
         CONVICTION RELIEF.             DCB
38    06/04/1993
         NOLLE PROSEQUI
         0957, RSN: PLED & SENT.ON 0956T.
39    06/04/1993
         MOTION FOR TRANCRIPT
         SHERYL RUSH-MILSTEAD, ESQ.     KLT
         REFERRED TO J.BABIARZ.
      06/04/1993
         SENTENCING CALENDAR - DEFENDANT SENTENCED
40    06/07/1993
         RESENTENCING
         IT IS ORDERED THAT THE ORIGINAL
         SENTENCE IMPOSED ON JULY 7, 1992
         IS VACATED AND THE SENTENCE IS
         REIMPOSED AS FOLLOWS FOR THE
         PUPPOSE OF AFFORDING THE
         DEFENDANT AN OPPORTUNITY TO FILE
         A TIMELY APPEAL:
         NOW THIS 4TH DAY OF JUNE, 1993,
         IT IS THE ORDER OF THE COURT THAT
         1.   THE DEFENDANT IS ADJUDGED
         GUILTY OF THE OFFENSE CHARGED.
         2.   THE DEFENDANT IS TO PAY THE
         COSTS OF PROSECUTION.
         COSTS ARE HEREBY SUSPENDED.
         3.   EFFECTIVE AUGUST 30, 1991 THE
         DEFENDANT IS PLACED IN THE
         CUSTODY OF THE DEPARTMENT OF
         CORRECTION FOR LIFE PURSUANT TO
         11 DEL. C. 4209.              JPB
41    06/10/1993
         LETTER
```

B-5

```
        (FROM SUPREME COURT) PURSUANT TO
        SUPREME CT.RULE 9 E (IV), THE
        TRANSCRIPT MUST BE FILED WITH THE
        PROTHONOTARY NO LATER THAN JULY
        13,1993.                    DCB
42   06/10/1993
        NOTICE OF APPEAL
        199,1993                    KLT
43   06/10/1993
        DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT
        199,1993                    KLT
44   06/23/1993                                  HERLIHY,JEROME O.
        ORDER
        MOTION FOR TRANSCRIPT IS GRANTED.
        IT IS ORDERED THAT THE SUPERIOR
        COURT, COURT-REPORTERS ARE HEREBY
        DIRECTED TO PREPARE A TRANSCRIPT
        OF THE TRIAL IN THE CASE OF DE.V.
        JOE LEWIS TRAVIS, CA#IN91-09-0956
        IN THE SUPERIOR COURT OF THE
        STATE OF DE., COMMENCING 020392.
        IT IS FURTHER ORDERED THAT THE
        COST OF THE SAID TRANSCRIPT SHALL
        BE BORNE BY THE STATE OF DE.  DCB
42   07/19/1993
        RECORDS SENT TO SUPREME COURT
                                    DCB
43   07/20/1993
        LETTER
        (FROM SUPREME COURT) TO PROTHO-
        NOTARY INFORMING HER THAT THE
        RECORD WITH TRANSCRIPT MUST BE
        FILED WITH SUPREME COURT NO LATER
        THAN 072693. IF THE RECORD WITH
        TRANSCRIPT IS NOT FILED BY THE
        ABOVE DATE, THE PROTHONOTARY MUST
        SEEK AN EXTENSION FROM THE COURT
        AND STATE THE REASON FOR THE
        DELAY IN THE TRANSMITTAL OF THE
        RECORD.                     DCB
44   01/10/1994
        MANDATE AFFIRMED
                                    DCB
45   01/10/1994
        ORDER
        (FROM SUPREME COURT) THAT THE
        JUDGMENT OF THE SUPERIOR CT.BE,
        AND THE SAME HEREBY IS, AFFIRMED.
        SIGNED BY JUSTICE MOORE.    DCB
47   04/06/1994                                  HERLIHY,JEROME O.
        LETTER
        TO MS.RUSH-MILSTEAD, ENCLOSING
        A COPY OF A LETTER DATED 032594
        FROM DEFT, ASKING JUDGE TO CON-
        TACT HER ABOUT HIS REQUEST TO
        OBTAIN COPIES OF HIS TRANSCRIPT.
        MS.RUSH AND DEFT IS TO WORK OUT
        THIS REQUEST AND CONFIRM IN WRIT-
        ING WHAT SHE HAS DONE IN RESPONSE
```

TS -6

```
      TO THIS RESPONSE.              DCB
46    04/07/1994
      MOTION
      FOR TRANSCRIPT OF RECORD
      PRO'SE                         DF
48    05/03/1994                                    HERLIHY,JEROME O.
      LETTER
      INFORMING DEFT THAT HIS MOTION
      FOR TRANSCRIPT IS DENIED.      DCB
49    05/05/1994
      DEFENDANT'S LETTER
      TO JUDGE HERLIHY, FROM SHERYL
      RUSH-MILSTEAD.                 DCB
50    06/20/1994
      APPLICATION
      (ADDITIONAL ATTORNEY FEES)  BY
      SHERYL RUSH-MILSTEAD,ESQ.APPROVED
      BY JUDGE HERLIHY ON 062094     CM
51    12/01/1995
      LETTER
      TO JUDGE HERLIHY FROM SUSAN BAIR
      PURCELL.                       WJS
52    01/29/1996
      STATE'S LETTER
      TO JUDGE HERLIHY, FROM SUSAN
      PURCELL, D.A.G. DATED 112995.  AL
53    05/10/1996
      MOTION TO AUTHORIZE EXPENSE                              FILED.
      SHERYL RUSH-MILSTEAD, ESQ.
      REFERRED TO JUDGE BABIARZ
54    05/22/1996                              BABIARZ JOHN E. JR.
      ORDER: IT IS SO HEREBY ORDERED
      THAT: THE APPROVED EXPENDITURE IN
      THE AMOUNT OF $300.00 WILL BE PAID
      BY THE ADMINISTRATIVE OFFICE OF THE
      COURTS FOR THE INVESTIGATIVE SERVICE
      THAT HAS BEEN REQUESTED HEREIN.
      SO ORDERED.
55    08/28/1996
      LETTER FROM (SUPREME COURT) TO JOE LEWIS TRAVIS:
      A NOTICE OF APPEAL MAY BE FILED WITH THE CLERK
      OF THE SUPREME COURT NO LATER THAN 30 DAYS AFTER
      A SENTENCE IS IMPOSED IN A DIRECT APPEAL OF A
      CRIMINAL CONVICTION OR W/IN 30 DAYS AFTER ENTRY
      UPON THE DOCKET OF A JUDGMENT OR ORDER IN ANY
      PROCEEDING FOR POST-CONVICTION RELIEF. YOUR
      LETTER WILL BE PALCED IN THE COURT'S MISCELLANEOUS
      CORRESPONDENCE FILE. THE SUPREME COURT WILL TAKE NO
      FURTHER ACTION WITH RESPECT TO YOUR 082296 LETTER.
56    06/25/1997
      LETTER FROM SECURITY SERVICES INTERNATIONAL, INVESTIGATIVE
      REPORT, SENT TO THE PROTHONOTARY'S OFFICE BY LESTER
      ANDERSON.
57    08/15/1997                              HERLIHY,JEROME O.
      NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
      SENT TO DEFENDANT. THE REMEDY AFFORDED BY RULE 61 MAY NOT BE SOUGHT
      BY A PETITION FOR HABEAS CORPUS OR IN ANY MANNER OTHER THAN AS
      PROVIDED IN RULE 61, SEE RULE 61(A)(2).
58    09/05/1997
```

B-7

```
        MOTION FOR POSTCONVICTION RELIEF FILED.
        FILED PRO SE, REFERRED TO JUDGE HERLIHY.
59     09/05/1997
        MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR POSTCONVICTION RELIEF,
        (MOTION FOR RULE 33, NEWLY DISCOVERED EVIDENCE FOR NEW TRIAL) FILED
        PRO SE, REFERRED TO JUDGE HERLIHY.
60     09/08/1997
        NOTICE OF FILING OF MOTION FOR POSTCONVICTION RELIEF, SENT
        TO SUSAN BAIR PURCELL, ALONG WITH A COPY OF THE MOTION.
61     09/16/1997                              HERLIHY,JEROME O.
        MOTION FOR POSTCONVICTION RELIEF DENIED.
        SIGNED, FILED AND DOCKETED ON 9/16/97.
62     10/20/1997
        NOTICE OF APPEAL #438, 1997
63     10/20/1997
        LETTER FROM (SUPREME COURT) TO PROTHONOTARY
        PURSUANT TO SUPREME COURT RULE 9(B)(II), THE
        RECORD MUST BE FILED WITH THIS OFFICE NO LATER
        THAN 110797.
```

B-8

## AFFIDAVIT OF MAILING

STATE OF DELAWARE   )
                    )   SS:
NEW CASTLE COUNTY   )

Marie G. Glynn being first duly sworn deposes and says that:

1.   She is secretary to Loren C. Meyers, Esq., Chief of Appeals Division.

2.   That on February 23, 1998, she caused to be plaaced in the United States Mail two copies of the within documents to:

Joe Lewis Travis
Delaware Correctional Center
P.O. Box 500
Smyrna, DE 19977

_____
Marie G. Glynn

SWORN TO AND SUBSCRIBED before me this 23rd day of February, 1998.

_____
Loren C. Meyers
Deputy Attorney General

Pursuant to 29 Del.C. §2508