IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE L. TRAVIS, )<br>)<br>    Petitioner, )<br>)<br>v. )  Civil Action No. 08-399-SLR<br>)<br>PERRY PHELPS, Warden, and )<br>ATTORNEY GENERAL OF THE )<br>STATE OF DELAWARE, )<br>)<br>    Respondents. ) | |

## ORDER

At Wilmington this 8th day of August, 2008;

IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** as second or successive. (D.I. 2)

The instant application is petitioner's third habeas challenge to his 1992 conviction and sentence for first degree murder. See Travis v. Snyder, Civ. A. No. 95-309-RMM, Order (D. Del. Jan. 31, 1997); Travis v. Snyder, Civ. A. No. 99-345-RMM, Order (D. Del. Sept. 20, 1999). The Honorable Roderick M. McKelvie denied petitioner's first application on the merits, and then denied his second application as second or successive. Id. The record in this case reveals that petitioner filed the instant application without first obtaining permission from the Court of Appeals for the Third Circuit.[1] See 28 U.S.C. § 2244(b)(3). Therefore, the court does not have the

---

[1]In claim one, petitioner contends that his conviction should be vacated due to the Delaware Supreme Court's decision in Chao v. State, 931 A.2d 1000 (Del. 2007). In Chao, the Delaware Supreme Court held that its reinterpretation of Delaware's felony murder statute pursuant to Williams v. State, 818 A.2d 906 (Del. 2003) applies

authority to review the application. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    3. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2.

    4. The clerk is directed to close the case.

_____
United States District Judge

---

retroactively. Whether or not this claim fits within one of the exceptions to the second or successive doctrine is a question to be determined by the Third Circuit to determine, not this court. See 28 U.S.C. § 2244(b)(3).